IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**ANDREW GUY MORET**,

    Plaintiff,

v.

**KATE BROWN**, Governor, **et al.**,

    Defendants.

Case No. 6:20-cv-01757-MO

OPINION & ORDER

**MOSMAN, J.,**

    This matter comes before me on State Defendants' Motion for Summary Judgment [ECF 104]. For the reasons given below, I GRANT the State Defendants' motion.

## BACKGROUND

    Plaintiff Andrew Guy Moret initiated this case in February 2020 in state court as a class action. Among Moret's constitutional claims, he asserted the Oregon Department of Corrections (ODOC) has a retaliatory policy of punishing prisoners "if they are found banding together to create a class action lawsuit." Not. of Removal [ECF 1] Ex. 1 at 8. Relatedly, Moret alleges ODOC employees threatened him with placement in segregation for filing this case. *Id.*

    Defendants removed the case and moved for summary judgment. Not. of Removal [ECF 1]; Mot. for Summ. J. [ECF 23]; Mot. for Summ. J. [ECF 16]. I granted summary judgment on all of Moret's claims, with the exception of his retaliation claim. Mins. of Proceeding [ECF 51]. I subsequently ordered that the case proceed as an individual action and that Moret file an amended complaint. Mins. of Proceeding [ECF 90]. The State Defendants—which encompass a

1 – OPINION & ORDER

hodgepodge of government officials, employees, and agencies—again move for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005).

The moving party bears the initial burden of informing the court of the basis of its motion and providing evidence that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden is met, the nonmoving party must "present significant probative evidence tending to support its claim or defense." *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (internal quotation omitted). The court does not assess the credibility of witnesses, weigh evidence, or determine the truth of matters in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and internal quotation marks omitted).

## DISCUSSION

As a preliminary matter, most of Moret's claims are procedurally defective. Moret's amended complaint renews many of the claims I have already dismissed from this case. Am. Compl. [ECF 99] at 6, 32–34 (Claims Two and Thirteen). I dismiss them again. Moret has also asserted a variety of claims arising from his prosecution for murder. *Id.* at 7–13 (Claims Three, Four, and Five). I dismiss those claims, too: this is not a habeas petition, nor may Moret re-

litigate his state court claims in federal court. *See Wolfe v. Strankman*, 392 F.3d 358, 363 (9th Cir. 2004). Other claims are new to this case and unrelated to the retaliation that Moret alleged in his original complaint. Am. Compl. [ECF 99] at 14–23, 28–32 (Claims Six, Seven, Eight, Nine, Eleven, and Twelve). Because a supplemental pleading "cannot be used to introduce a separate, distinct and new cause of action," I dismiss those claims as well. *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (per curiam) (internal citation omitted). Lastly, I decline to consider the new allegations that Moret raises in his response to State Defendants' motion. *Wasco Prods., Inc. v. Southwall Tech., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("[S]ummary judgment is not a procedural second chance to flesh out inadequate pleadings.") (quoting *Fleming v. Lind.-Waldock & Co.*, 922 F.2d 20, 24 (1st Cir. 1990)).

Only one of Moret's claims survived the last round of summary judgment: that he was retaliated against for filing this case. That claim is contained in Claims One of Moret's amended complaint and supplemented by part of Claim Ten. Am. Compl. [ECF 99] at 5–6, 24–27. Those are the only claims that remain.

State Defendants assert that Moret's retaliation claims should be dismissed because he did not exhaust his remedies through the prison's grievance system. Mot. for Summ. J. [ECF 104] at 4–5, 12. In turn, Moret attests, among other arguments, that State Defendants were biased against him, making administrative exhaustion futile. Resp. to Mot. for Summ. J. [ECF 121] at 10–11. With deference to Moret's pro se status and solely for the purposes of this motion for summary judgment, I accept Moret's allegation that filing a grievance would have been futile. Accordingly, I proceed to the merits of his retaliation claim.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

3 – OPINION & ORDER

because of (3) that prisoner's conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). Moret contends the State Defendants retaliated against him by placing him in disciplinary segregation and by transferring him from Oregon State Penitentiary (OSP) to Snake River Correctional Institution (SRCI). Am. Compl. [ECF 99] at 5, 24. I address each allegation in turn.

I. **Placement in Disciplinary Segregation**

For the purposes of this motion, I take as true that Moret was told by OSP corrections officers that he would be placed in segregation for filing this case. Nevertheless, Moret has failed to put forward evidence that this threat had a chilling effect. Instead, he has continued to actively participate in his cases and file additional grievances through ODOC. Nordyke Decl. [ECF 106] Attachs. 2–3 (showing dozens of grievances Moret has filed since being threatened with segregation). Moreover, Moret makes no contention that the same corrections officers threatened him again. Nor does the record suggest corrections officers ever backed this threat up with action—after Moret filed this case, he stayed out of disciplinary segregation until after he was transferred. Sundquist Decl. [ECF 105] Attach. 1.

True, Moret spent time in disciplinary segregation shortly after he arrived at SRCI. But this was because Moret assaulted another inmate and brewed alcohol in his cell. Nordyke Decl. [ECF 106] Attach. 1 at 11, 16. Moret has put forward no evidence that would create a dispute of fact as to SRCI's reasons for placing him in disciplinary segregation.

In sum, I find OSP corrections officers did not chill Moret's speech by threatening him with placement in segregation. I also find that SRCI corrections officers did not place Moret in

disciplinary segregation for retaliatory purposes. Accordingly, this claim cannot survive summary judgment.

## II.     Transfer to SRCI

Moret characterizes his transfer to SRCI as part of a conspiracy to undermine his ability to litigate and access prison programming. Resp. to Mot. for Summ. J. [ECF 121] at 19–22. State Defendants tell a different story: Moret was transferred—along with 560 other adults in custody—because his block needed renovations. Sundquist Decl. [ECF 105] ¶¶ 5–6. Moret claims he has witnesses that can support his theory, but points to nothing in the record. Resp. to Mot. for Summ. J. [ECF 121] at 21–22. Moreover, I find that no reasonable jury would believe that State Defendants orchestrated the transfer of hundreds of inmates with the sole intention of picking on Moret. This claim cannot survive summary judgment, either.

## CONCLUSION

For the reasons given above, I GRANT State Defendants' Motion for Summary Judgment [ECF 104]. Accordingly, this case is DISMISSED with prejudice. Moret's Motion for Entry of Default Judgment [ECF 123], Motion for Extension of Time [ECF 126], Motion for Summary Judgment [ECF 129], Motion for Relief [ECF 131], Updated Motion for Emergency Relief [ECF 134], and Demand for Judgment [ECF 136] are DENIED as moot.

IT IS SO ORDERED.

DATED this 9th day of May, 2022.

MICHAEL W. MOSMAN
Senior United States District Judge

5 – OPINION & ORDER